# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JAMAL L. HANCOCK and LAVAN )
GALLERIES LLC, )
                           )
        Plaintiffs, )
                           )        No. 18 C 4580
      v. )
                           )        Judge Sara L. Ellis
CITY OF CHICAGO (a Municipal )
Corporation), CITY OF CHICAGO POLICE )
DEPARTMENT, DETECTIVE TIMOTHY E. )
CERVEN (STAR #S 5792,16759,20971), )
OFFICER JOHN WILLIAMSON[1] )
(STAR # 14475) OFFICER TRE HARDIMAN, )
OFFICER HARRY JOZEFOWICZ,[2] )
SUPERVISING OFFICER TIMOTHY J. )
FLISK (STAR # 1855), SUPERVISING )
OFFICER KATHIE PARK (STAR # 2189), )
GARY METZNER (An Individual), )
                           )
        Defendants. )

## ORDER

The Court grants Defendants' motions to dismiss [26, 27] and dismisses Plaintiffs' complaint [1] with prejudice. The Court terminates this civil case. See Statement for further detail.

## STATEMENT[3]

Like Sisyphus rolling the boulder up the hill, Plaintiffs Jamal L. Hancock and Lavan Galleries LLC ("Lavan Galleries") continue their pursuit of litigation surrounding events that occurred as a result of Hancock's attempt to use Sotheby's as a broker for his fine arts collection. Unfortunately, the boulder continues to roll back down on them. The Court discussed the facts

---

[1] Although Hancock named "John Williams" in the complaint, the correct spelling is John Williamson. *See* Doc. 27 at 1 n.1.

[2] Although Hancock named "Harry Josefowicz" in the complaint, the correct spelling is Harry Jozefowicz. *See* Doc. 45 at 1 n.1.

[3] The facts in this Order are taken from Plaintiffs' complaint and exhibits attached thereto [1] and are presumed true for the purpose of resolving Defendants' motions to dismiss [26, 27]. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

of this case in greater detail in its December 20, 2018 Opinion [29] addressing claims against the Sotheby's Defendants in this case as well as *Hancock v. Sotheby's*, No. 17 C 7446 (N.D. Ill.). The Court relies on the same facts and definitions used in that Opinion.

The Court now addresses Plaintiffs' remaining claims against Defendants City of Chicago (the "City") and City of Chicago Police Department ("CPD"), as well as Defendants Detective Timothy E. Cerven, Officer John Williamson, Officer Harry Jozefowicz, Supervising Officer Timothy J. Flisk, and Supervising Officer Kathie Park (collectively, the "Officer Defendants"). Because the Court has already dismissed Counts VII and VIII, it does not address the parties' arguments regarding those claims.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## I.      Chicago Police Department

First, the City seeks to dismiss CPD from the complaint because it is not a proper entity. CPD is not a suable entity separate from the City of Chicago. *Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004). Plaintiffs concede this point in their response to the City's motion. Doc. 5 n.4. Accordingly, the Court dismisses all allegations against CPD.

## II.      Equal Protection Claim (Count IV)

Both the City and the Officer Defendants move to dismiss Plaintiffs' equal protection claim. To state an equal protection claim based on race discrimination,[4] a plaintiff must allege that "'he was a member of a protected class, and that he was treated differently from members of the unprotected class.'" *Williams v. Cook County*, No. 18 C 1456, 2019 WL 952160, at *5 (N.D. Ill. Feb. 27, 2019) (quoting *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005)). In addition, Plaintiffs must allege "that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001).

---

[4] The City and Plaintiffs act under the assumption that Plaintiffs' equal protection claim is a class-of-one claim. However, "class-of-one refers not to the number of plaintiffs but to the fact that the plaintiff or plaintiffs is not suing as a member of an identifiable group, such as race or gender." *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 895 (7th Cir. 2012). Plaintiffs claim that the City and Officer Defendants discriminated against him based on his race, which is clearly an identifiable group.

Here, Plaintiffs simply have not alleged that the City or the Officer Defendants had a discriminatory purpose. Plaintiffs describe two reports created by the Officer Defendants (and through them, the City) related to Plaintiffs' dispute with Sotheby's. On March 2, 2016, Williamson responded after Sotheby's called the police, and generated a police report based upon information provided by Sotheby's employees that was allegedly false. However, according to the complaint itself, Williamson had no interaction with Hancock. On March 4, 2016, Cerven created a supplementary report in which he noted that he spoke to representatives from Sotheby's and advised them to obtain a No Contact Order and call the police if they saw Hancock near the business again. He further recommended that CPD suspend the investigation pending Sotheby's obtaining a No Contact Order. Park approved the supplementary report on March 5, 2016. None of these allegations show anything other than police officers responding to a call and following up on that call. The complaint provides no facts to support even an inference that the Officer Defendants acted with a discriminatory intent.

The complaint does contain a conclusory statement that the "above-described conduct of named defendants was committed upon Hancock because his [sic] is an African American." Doc. 1 ¶ 83. This is insufficient to state a claim. *See Hicks v. City of Chicago*, No. 15 C 06852, 2017 WL 4339828, at *8 (N.D. Ill. Sept. 29, 2017) ("The problem with this claim is that [Plaintiff] has not pled any *facts* that give rise to a plausible inference [of] intentional racial discrimination. In saying that the officers engaged in 'purposeful discrimination against Plaintiff because of her race,' [Plaintiff] is merely offering a legal *conclusion*, which this Court need not accept." (citations omitted)); *McDonald by McDonald v. Haskins*, No. 90 C 2797, 1991 WL 61036, at *1 (N.D. Ill. Apr. 10, 1991) ("Plaintiff has failed to plead any facts, apart from his own race, from which the court can draw an inference that defendants actions were at all motivated by plaintiff's race."), *aff'd*, 966 F.2d 292 (7th Cir. 1992). Plaintiffs do not satisfy the notice requirements set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court dismisses their equal protection claim.

## III.    False Report Claim (Count V)

The Officer Defendants seek dismissal of Plaintiffs' false report claim on the basis that Plaintiffs do not identify a constitutional harm that they suffered as a result of the Officer Defendants' actions. Plaintiffs allege in the complaint that the Officer Defendants' actions violated Hancock's Fourteenth Amendment right. "[A] violation of the Fourteenth Amendment does not occur unless a person is 'deprive[d] . . . of life, liberty, or property, without due process of law." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012) (quoting U.S. Const. amend. XIV). A plaintiff cannot establish the elements of a constitutional tort without establishing that the alleged actions caused him some type of injury. *See id.* And here, Plaintiffs do not allege any constitutional injury. Nothing ever came of the police reports; Plaintiffs do not allege that the reports were used as evidence against Hancock. Moreover, Plaintiffs' claim that the reports prohibit Hancock from visiting the area around Sotheby's makes no sense; they are merely reports and have no control or authority over Hancock's movements. [5] Along similar

---

[5] Plaintiffs confuse Cerven's recommendation in the supplementary report that Sotheby's obtain a No Contact Order for an actual No Contact Order. The supplementary report is not a No Contact Order.

lines, the Seventh Circuit has noted that "if an officer (or investigating prosecutor) fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process." *Id.* Plaintiffs do not allege that these police reports were ever actually used against them, and thus they cannot establish a constitutional harm. Because of this, the Court dismisses this claim.

## IV.     Conspiracy (Counts VI and X)

The Officer Defendants also move to dismiss Plaintiffs' constitutional conspiracy claim, arguing that they have failed to allege an underlying constitutional violation. "Without a viable federal constitutional claim, the conspiracy claim under § 1983 necessarily fails; there is no independent cause of action for § 1983 conspiracy." *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016). Because Plaintiffs have not alleged a viable federal constitutional claim, Plaintiffs' constitutional conspiracy claim (Count VI) fails as well. Moreover, the lack of a viable federal claim also precludes any chance that Plaintiffs could succeed on their conspiracy claim under 42 U.S.C. § 1985(3) (Count X). *Sow v. Fortville Police Dep't*, 636 F.3d 293, 305 (7th Cir. 2010) ("[T]he absence of any underlying violation of Plaintiff[s'] rights precludes the possibility of Plaintiff[s] succeeding on a conspiracy claim."). Because Plaintiffs have had a fair opportunity to address this issue through the Officer Defendants' motion to dismiss the constitutional conspiracy claim, the Court also dismisses the § 1985(3) conspiracy claim.

## V.     Failure to Train (Count I)

The City argues that the Court should dismiss Plaintiffs' failure to train claim on the grounds that Plaintiffs have failed to allege a constitutional violation upon which to base their *Monell* claim and they have not pleaded enough facts to link the City to any alleged constitutional violations.[6] To establish liability against the City under *Monell*, Plaintiffs must allege that: (1) they suffered a constitutional deprivation, (2) "as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority," that (3) proximately caused their constitutional injuries. *Ovadal v. City of Madison, Wis.*, 416 F.3d 531, 535 (7th Cir. 2005). As discussed elsewhere in this Statement, Plaintiffs do not identify any constitutional deprivation that they have suffered. Plaintiffs' *Monell* claim rests on a failure to train theory, alleging that the City's policies, customs, or practices led to the Officer Defendants' actions. Given that the Court has determined that Plaintiffs failed to allege that the Officer Defendants violated Plaintiffs' constitutional rights, Plaintiffs have also failed to allege a sufficient constitutional deprivation to sustain this type of *Monell* claim. *See Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) ("If a plaintiff fails to prove a violation of his constitutional rights in his claim against the individual defendants, there will be no viable *Monell* claim based on the same allegations."). Accordingly, the Court dismisses Plaintiffs' *Monell* claim for failure to train.

---

[6] Because the Court finds that Plaintiffs have not sufficiently alleged a constitutional violation, the Court does not reach the second argument.

**VI.**     *Respondeat Superior* **(Count II) and Indemnification (Count III)**

Finally, the City moves to dismiss Plaintiffs' *respondeat superior* and indemnification claims on the grounds that no underlying claims remain to support these claims.

Courts cannot hold a municipality liable under § 1983 on a *respondeat superior* theory, *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011), which Plaintiffs acknowledge, and so this claim is limited to Plaintiffs' state law claims.  None of the state law claims survived the Court's December 20, 2018 Opinion [29], however, and so the Court dismisses Plaintiffs' *respondeat superior* claim.  *See Shelton v. Schneider*, No. 05 C 5955, 2006 WL 59364, at *8 (N.D. Ill. Jan. 4, 2006) (dismissing plaintiff's *respondeat superior* claim in light of the fact that no underlying state law claims remained).

Similarly, because the Court has dismissed all of Plaintiffs' substantive claims, their claim for indemnification is not viable.  The Court dismisses Plaintiffs' indemnification claim as well.

**VII. Conclusion**

As noted in the Court's December 20, 2018 Opinion [29], this complaint is Plaintiffs' fourth bite of the apple regarding these facts.  Given that Plaintiffs have still been unable to move past their conclusory statements, the Court finds dismissal with prejudice appropriate.


Date:  March 27, 2019                                      /s/  Sara L. Ellis